IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES WILLARD COLLINS, JR., | § | |
| (TDCJ-CID #00631847) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-1494 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, James Willard Collins, Jr., seeks habeas corpus relief under 28 U.S.C. § 2254. Collins challenges a disciplinary conviction at the Pack Unit and the loss of good-time credits he received as punishment. When Collins filed his federal petition, he was confined at the Terrell Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), serving a sentence for a conviction imposed by a state court in Fayette County, Texas.

The threshold issue is whether Collins stated a basis for federal habeas relief that would permit his case to proceed. Based on careful consideration of the pleadings, the record, and the applicable law, this court concludes that his claims cannot proceed because they are moot. The reasons for this ruling are set forth below.

In December 1992, Collins was convicted of aggravated robbery and sentenced to a 26-year prison term. In this federal petition filed on April 18, 2011, Collins alleges that he was deprived of due process when he was stripped of 3,380 days of good-time credits after a disciplinary conviction on January 4, 2000. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 5). He also complains of the "unaccounted for" loss of 392 days of good-time credits. (Docket Entry No. 3, p.

1). Collins alleges that the loss of these good-time credits has affected his eligibility for release to parole. (*Id.* at 1).

A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes. This court has learned through telephone inquiry that Collins was released to parole on May 19, 2011. Collins's release from custody to parole makes this habeas corpus petition moot. A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack,* 395 U.S. 486, 496 (1969). In this federal petition, Collins argued that but for the disciplinary case and subsequent forfeiture of good-time credits, he would have been released to parole. By his release, Collins has been granted the relief he requested. This case is moot and dismissed on that basis.

Collins's petition for a writ of habeas corpus is denied. This case is dismissed as moot. All remaining pending motions are denied as moot. A Certificate of Appealability will not issue. The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's

underlying constitutional claim, a Certificate of Appealability requires a showing that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). The record discloses no basis to issue a Certificate of Appealability.

SIGNED on July 18, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge